UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

_____
                                    )
BENJAMIN D. HATCHER              )
                                    )
          Plaintiff                )
                                    )
            v.                     )        Civil Action No.: _____
                                    )
MARY M. FERMENTAL,            )
And                                   )
THE COMMERCE INSURANCE    )
COMPANY                         )
                                    )
          Defendants.     )
_____)

## **COMPLAINT**

### I. PRELIMINARY STATEMENT

1.     This action is brought by the Plaintiff to recover for personal injuries sustained by him on September 19, 2008, as a result of a rear-end motor vehicle collision that occurred on Route 93 South in Boston, Massachusetts, where the Plaintiff alleges that he was driving a ramp truck owned by his employer, Boston Equipment and Supply Company, Inc., and was stopped for traffic in the tunnel going southbound approaching exit 23 when a Toyota Prius vehicle owned and operated by Defendant Mary M. Fermental ("Defendant Fermental") pulled into the lane Plaintiff was in, collided into a Toyota Camry stopped behind Plaintiff and pushed the Toyota Camry into the rear-end of the vehicle Plaintiff was operating. Plaintiff claims that Defendant Fermental's conduct at the time of his injuries was negligent pursuant to the statutory

and common law of the Commonwealth of Massachusetts. This is also an action brought by the Plaintiff to recover from Defendant The Commerce Insurance Company ("Defendant Commerce") for violation of M.G.L. Chapters 93A and 176D for its unfair and deceptive acts or practices with respect to the settlement of Plaintiff's claims against Defendant Fermental.

2.   The amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five Thousand Dollars ($75,000.00). Plaintiff Hatcher's medical bills to date total fifty-five thousand, eight hundred and ninety-five dollars and ninety-six cents ($55,895.96); his lost wages total approximately eighty-five thousand, one hundred and ninety-eight dollars and eighty-five cents ($85,198.85)(Plaintiff's lost wages resulting from his diminished work capacity are increasing on a continuing basis); and he has a ten percent (10%) permanent partial impairment as a result of the surgically treated lumbar spine injury he sustained in the September 19, 2008 motor vehicle collision. Plaintiff Hatcher is twenty-seven years old, has a substantial lost earning capacity claim. Plaintiff has been disabled as a result of the accident from continuing in amateur baseball in which Plaintiff was both a prodigious batsman and a league Cy Young award winning pitcher prior to the motor vehicle accident.

## II. JURISDICTION AND VENUE

3.   Jurisdiction is based on diversity of citizenship under 28 U.S.C. 1332 (a) (1); and venue is properly laid in the District of Massachusetts pursuant to 28 U.S.C. 1391 (a).

## III. PARTIES

4.   The Plaintiff, Benjamin D. Hatcher, is a citizen of the State of New Hampshire, residing at 3A Homestead Lane, Hudson, New Hampshire 03051.

5.   The Defendant, Mary M. Fermental, is a citizen of the Commonwealth of Massachusetts, residing at 3920 Mystic Valley Parkway, Medford, Massachusetts 02155.

6. The Defendant, The Commerce Insurance Company, is a Massachusetts corporation transacting business in the Commonwealth of Massachusetts and with a principal office address located at 211 Main Street, Webster, Massachusetts 01570.

IV. STATEMENT OF FACTS COMMON TO ALL COUNTS

7. On September 19, 2011, approximately 7:51 a.m., Plaintiff Benjamin D. Hatcher was driving a ramp truck owned by his employer, Boston Equipment and Supply Company, Inc., traveling on Route 93 South, transporting a generator from Salem, New Hampshire, and on his way to a jobsite in Boston, Massachusetts to deliver the generator.

8. As Plaintiff was driving in the tunnel in Boston, he had to stop for heavy traffic. As Plaintiff was stopped for traffic ahead, Defendant Fermental suddenly and illegally changed from a right-hand lane of travel to the lane Plaintiff was traveling in. As she did so, Defendant Fermental collided into the Toyota Camry that was stopped behind Plaintiff and that was being operated by Erin P. Murphy. The collision of Defendant Fermental's vehicle into the Toyota Camry caused the Toyota Camry to be pushed into the rear-end of the ramp truck Plaintiff was operating (the "Hatcher vehicle").

9. Plaintiff experienced the onset of low back and neck pain and stiffness as he remained in his vehicle immediately after the impact.

10. Defendant Fermental was cited by State Police for a violation of 730 CMR 7.08 as a result of her negligent operation.

11. The Hatcher vehicle, a commercial vehicle, sustained significant damage to the rear hydraulic lift from the collision.

12. As a direct, proximate, and foreseeable result of the negligence of Defendant Fermental, Plaintiff Hatcher sustained painful, serious, severe, disabling, and permanent injuries

to his back, including an L4-5 disc herniation. Plaintiff Hatcher has undergone extensive medical treatment including MRI's, epidural steroid injections, physical therapy, medications consisting of Flexeril, Medrol, Elavil, Vicodin, Tylenol and Advil, and lumbar disc surgery. Plaintiff Hatcher has sustained a ten percent (10%) permanent partial impairment pursuant to the AMA Guides as a result of the lumbar spine injury caused by the September 19, 2008 motor vehicle collision. Plaintiff Hatcher has incurred, and in the future will incur, medical and other such bills for the treatment of his injuries. Plaintiff Hatcher has endured, and in the future will endure, pain and suffering and a loss of enjoyment of life. Plaintiff Hatcher sustained lost wages, and in the future will sustain lost wages and a loss of earning capacity as a result of the injuries he sustained.

13. Plaintiff Hatcher participated in the Southern New Hampshire amateur baseball league through the 2008 season which had just concluded prior to this motor vehicle collision of September 19, 2008. Plaintiff Hatcher was a prodigious batsman and a league Cy Young award winning pitcher in 2007 and 2008. Plaintiff Hatcher was disabled from participating in the 2009, 2010 and 2011 baseball seasons, and is permanently disabled therefrom as a result of the injuries he sustained from this motor vehicle collision.

14. The negligence, negligence per se, statutory violations and administrative code violations of the Defendant, as set forth herein and otherwise, was the direct, proximate and legal cause of Plaintiff Benjamin D. Hatcher's injuries.

## V. CAUSES OF ACTION

### A. Count I – Negligence against Defendant Mary M. Fermental

15. Plaintiff repeats and reasserts the allegations contained in the foregoing paragraphs of this Complaint and incorporates them by reference as if fully and completely set forth herein.

16. Defendant Fermental had a duty of care to keep her vehicle under control at all times; to stop for traffic stopped in front of her; to yield the right of way to the vehicles in front of her; to drive with caution; to remain alert; to keep a proper lookout; to pay attention to traffic and traffic conditions; to not follow another vehicle more closely than is reasonable or prudent; to leave sufficient distance between her vehicle and other traffic; to drive at a reasonable rate of speed for the road and the conditions then and there existing; to properly maintain her vehicle, including the brakes and tires thereof, so that it could be properly and safely controlled during braking and stopping; to not operate her vehicle in a negligent or careless way; to ascertain that it is safe to change lanes before doing so; to keep in the right lane when it is unsafe to change lanes; to not pass other vehicles unless it is safe to do so; to stay within marked lanes; to decrease speed for special hazards, including traffic; to operate her vehicle with due regard for the safety of others using public ways, including Plaintiff herein; and to otherwise obey the Rule of the Road and the laws of the Commonwealth of Massachusetts including, without limitation, 350 CMR 4.01(4); 730 CMR 7.06; 730 CMR 7.08; 720 CMR 9.06; M.G.L. c. 89, § 1; M.G.L. c. 89, § 4A; M.G.L. c. 90, § 4B; M.G.L. c. 90, § 17; and M.G.L. c 90, § 24.

17. The Defendant Fermental breached her aforesaid duty of care to Plaintiff Hatcher when she failed to keep her vehicle under control at all times; failed to stop for traffic stopped in front of her; failed to yield the right of way to the vehicles in front of her; failed to drive with

caution; failed to remain alert; failed to keep a proper lookout; failed to pay attention to traffic and traffic conditions; failed to not follow another vehicle more closely than is reasonable or prudent; failed to leave sufficient distance between her vehicle and other traffic; failed to drive at a reasonable rate of speed for the road and the conditions then and there existing; failed to properly maintain her vehicle, including the brakes and tires thereof, so that it could be properly and safely controlled during braking and stopping; operated her vehicle in a negligent or careless way; failed to ascertain that it was safe to change lanes before doing so; failed to keep in the right lane when it was unsafe to change lanes; passed other vehicles when it was not safe to do so; failed to stay within marked lanes; failed to decrease speed for special hazards, including traffic; failed to operate her vehicle with due regard for the safety of others using public ways, including Plaintiff herein; and failed to otherwise obey the Rules of the Road and the laws of the Commonwealth of Massachusetts including, without limitation, 350 CMR 4.01(4); 730 CMR 7.06; 730 CMR 7.08; 720 CMR 9.06; M.G.L. c. 89, § 1; M.G.L. c. 89, § 4A; M.G.L. c. 90, § 4B; M.G.L. c. 90, § 17; and M.G.L. c 90, § 24; and caused her vehicle to collide into the vehicle behind the Hatcher vehicle causing that vehicle to collide into the rear-end of the Hatcher vehicle.

18. As a direct, proximate, and foreseeable result of the negligence of Defendant Fermental and the aforementioned breaches, singularly and/or together, by Defendant Fermental, as aforesaid and otherwise, Defendant Fermental caused the motor vehicle collision with the Hatcher vehicle, and caused Plaintiff Hatcher to sustain painful, serious and permanent personal injuries.

19. Plaintiff Hatcher sustained personal injuries and damages as a result of Defendant Fermental's breaches of her duties, as aforesaid and otherwise.

20.     Plaintiff Hatcher demands a jury trial.

**B.  Count II – Violation of M.G.L. Chapters 93A and 176D against Defendant The Commerce Insurance Company**

21.     Plaintiff repeats and reasserts the allegations contained in the foregoing paragraphs of this Complaint and incorporates them by reference as if fully and completely set forth herein.

22.     At all times relevant herein, Defendant Commerce was engaged in trade or commerce in the Commonwealth of Massachusetts.  The acts or omissions described below constitute unfair and deceptive acts or practices in violation of Chapters 93A and 176D of the Massachusetts General Laws and were committed in Massachusetts.

23.     At all times relevant herein, Defendant Commerce provided liability insurance to Defendant Fermental and is therefore subject to the provisions of M.G.L. Chapter 93A as it incorporates the provisions of M.G.L. Chapter 176D, Section 3(9) and otherwise.

24.     By written communications on or about February 19, 2009, May 14, 2009, June 11, 2009, June 15, 2009, July 27, 2009, September 29, 2009, December 22, 2009, March 8, 2010, July 1, 2010, August 25, 2010, December 7, 2010, February 17, 2011, April 4, 2011 and April 8, 2011, Plaintiff Hatcher's attorney has communicated with Defendant Commerce about the Plaintiff's claims as described above and Plaintiff has provided Defendant Commerce with copies of his medical records, medical bills, documents pertaining to his earning history, lost wage claim, diminished work capacity and diminished earnings, describing and documenting his injuries and damages described above.

25.     By a letter dated August 17, 2011, Plaintiff, through his attorney, sent to Defendant Commerce a demand letter pursuant to the provisions of M.G.L. Chapter 93A, Section 9 describing Defendant Commerce's unfair and deceptive acts and practices and

violations of M.G.L. Chapter 93A, Sections 2 and 9 and violations of M.G.L. Chapter 176D, Section 3(9).  To wit, Defendant Commerce has failed to make a reasonable settlement offer to Plaintiff despite the fact that Plaintiff Hatcher has been sending, through his counsel, updates to Defendant Commerce for a period of over two and a half (2 1/2) years with respect to his injuries, his medical treatment, his earning history, his lost wage claim, and his diminished work capacity and diminished earnings.  Although Plaintiff Hatcher's special damages total approximately $141,094.81, to date, Defendant Commerce has only offered to settle Plaintiff's claim for a sum grossly less than said specials and less than Plaintiff's lost wage claim alone, not including his medical specials which are substantial.

26.     Moreover, Defendant Commerce's unreasonably low offer was stated to be based on assertions by Commerce Insurance that Commerce Insurance knew, or should have known, were false, including the assertion that Plaintiff Hatcher continued to play amateur baseball following the September 19, 2008 motor vehicle collision.  Even casual reading of Plaintiff's medical records demonstrates the implausibility of this misrepresentation.  Plaintiff was undergoing epidural spinal injections to determine whether non-surgical treatment would be successful, and when Plaintiff failed to improve, he was awaiting approval for spine surgery which was performed on December 1, 2009.  The Commerce field agent who obtained information about Plaintiff's participation in amateur baseball was told by Plaintiff's former coach and teammate that Plaintiff Hatcher had _not_ played baseball for the two (2) post-accident years then in question (2009 and 2010).  Despite the information contained in Plaintiff's medical records, despite the information provided by Plaintiff Hatcher's former coach and teammate, and despite the fact that the team roster and league records contain no evidence that Plaintiff Hatcher played baseball after the motor vehicle collision, Defendant Commerce still tried to use the false

assertion that Plaintiff Hatcher played baseball after the collision as a way to try and settle Plaintiff's claim for an unreasonably low amount. This conduct on behalf of Defendant Commerce is particularly unfair and unreasonable because of Plaintiff Hatcher's prior athletic capabilities and the importance to him of his lost ability to play and enjoy baseball in the prime of his amateur career. Defendant Commerce further falsely has asserted in support of its unreasonably low offer, in the complete absence of any supporting medical records, that the Plaintiff had a pre-existing sports injury. Defendant Commerce has failed to properly and reasonably investigate Plaintiff's claim based upon the information available. Defendant Commerce has entered into deceptive and misleading practices to obtain information about Plaintiff's amateur baseball career, and then knowingly or negligently misinterpreted and disregarded the information it received and to continue to make false representations and to inadequately investigate its assertions such that Defendant Commerce has engaged in unfair and unreasonable claim settlement practices. Defendant Commerce has all the documentation from Plaintiff that it needs in order to evaluate Plaintiff's damages reasonably, properly and in good faith.

27.   Liability is clear in this case because this case involves a rear-end collision in which Defendant Fermental was cited by State Police for negligent operation. Not fault on the part of the Plaintiff, who was stopped in traffic, is claimed by Defendant Commerce, nor is any fault on the part of the Plaintiff supportable by the facts herein. Despite this, Defendant Commerce refused to effectuate a prompt, fair and equitable settlement, and refused to provide a reasonable explanation for its failure to do so.

28.   Accordingly, Defendant Commerce is liable under M.G.L. Chapters 93A, Sections 2 and 9 and M.G.L. Chapter 176D, Section 3(9) by violating one or more of the

following provisions of Chapter 176D, Section 3(9): (b) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (f) failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; (g) compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and (n) failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

29.     Furthermore, Plaintiff has now been forced to file a lawsuit as a result of the motor vehicle collision and his injuries because despite being served with a M.G.L. Chapters 93A and 176D demand letter and being provided substantial documentation and information, Defendant Commerce did not make any reasonable offer of relief.  Defendant Commerce's failure to offer reasonable relief and its discrepant settlement practices were made in bad faith and with knowledge that its acts and omissions constituted a violation of M.G.L. Chapter 93A.

30.     Defendant Commerce's actions as described above, constitute a level of unfairness within the penumbra of common law and basic established concepts of unfairness, and/or is immoral, unethical, oppressive or unscrupulous, and caused substantial injury to Plaintiff Hatcher.  Accordingly, Defendant Commerce is liable to Plaintiff Hatcher for double or treble damages, plus attorney's fees, interest and costs, for violation of M.G.L. Chapters 93A and 176D.

WHEREFORE, Plaintiff Benjamin D. Hatcher demands judgment against Defendant Mary M. Fermental in the sum of One Million Four Hundred Ten Thousand Dollars ($1,410,000.00) plus interest and costs, and demands judgment against Defendant The Commerce Insurance Company in the sum of Four Million Two Hundred Thirty Thousand Dollars ($4,230,000.00), plus interest, costs, and attorneys fees.

THE PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL COUNTS.

        Respectfully submitted,

        Plaintiff,
        BENJAMIN D. HATCHER,
        By His Attorneys,

DATED:   September 16, 2011        /s/  Kara M. Simard
        Kara M. Simard, Esq.
        BBO#:  670928
        Borofsky, Amodeo-Vickery & Bandazian, P.A.
        708 Pine Street
        Manchester, NH 03104-3103
        (603) 625-6441
        ksimard@e-atty.net