UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENJAMIN D. HATCHER,            )
                                )
        Plaintiff,              )
    v.                          )     CIVIL ACTION
                                )     NO. 11-11644-JGD
MARY M. FERMENTAL and THE       )
COMMERCE INSURANCE COMPANY,     )
                                )
        Defendants.             )

# MEMORANDUM OF DECISION AND ORDER ON
# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

November 9, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Benjamin D. Hatcher, was injured in a motor vehicle accident on September 19, 2008 when the car driven by the defendant, Mary M. Fermental, collided with a vehicle stopped behind the plaintiff, pushing that vehicle into the rear-end of the truck being operated by the plaintiff. This matter is presently before the court on the "Plaintiff's Motion for Partial Summary Judgment as to Liability and as to Lack of Contributory Negligence of Plaintiff Benjamin Hatcher." (Docket No. 16). By this motion, the plaintiff is seeking summary judgment in his favor on his negligence claim, as well as summary judgment in his favor on the defendant's affirmative defense of contributory negligence as found in her First and Second Defenses.

For the reasons detailed herein, the record is insufficient to establish that the defendant was negligent as a matter of law. That issue will have to be decided by a fact-finder after further development of the record. However, there is no evidence that the plaintiff was contributorily negligent. Therefore, the motion is ALLOWED IN PART and DENIED IN PART. The plaintiff's claim of negligence will proceed to trial, but the defense of contributory negligence will be dismissed.

## II.  STATEMENT OF FACTS

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. See Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008). Accordingly, the following is a description of the facts as viewed in favor of the defendant Fermental.

The accident occurred at approximately 7:30 - 8:00 a.m. on September 19, 2008 in the Route 93 South tunnel in Boston near the Purchase Street Exit - Exit 23. (Def. Ans. Int. # 3). According to Fermental, there was heavy stop-and-go traffic, the tunnel was dimly lit, and she had her headlights on. (Id. Int. #5). Fermental was traveling at approximately 35-40 mph. (Id. Int. #8). She temporarily looked over her right shoulder to see if traffic was clear so that she could change lanes. (Id. Int. #4). In that moment, unbeknownst to Fermental, the traffic in front of her stopped. (Id.) When she looked forward she noted that the traffic had stopped and she stepped on her brakes, but she hit the car in front of her. (Id. Ints. #4, 8, 11). That car, a Toyota Camry, was pushed into the rear of the truck being operated by the plaintiff. (Pl. Ans. Int. #2). The plaintiff was

stopped at the time of the accident. (Id.). Fermental was issued a motor vehicle citation as a result of the accident.

### III.  ANALYSIS

####  A.  Summary Judgment Standard of Review

Summary judgment is appropriate when the moving party shows, based on the discovery and disclosure materials on file, and any affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'"  Vineberg, 548 F.3d at 56 (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)).  "A fact is material only if it possesses the capacity to sway the outcome of the litigation under the applicable law."  Id. (quotations, punctuation and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact.  See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010).  If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial.  LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018, 114 S. Ct. 1398, 128 L. Ed. 2d 72 (1994).  "[T]he nonmoving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing that there is a genuine issue for trial.  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)).  The court must

view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor.  See Vineberg, 548 F.3d at 56.  "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate."  Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

>   **B.**     **Defendant's Alleged Negligence**

"Negligence, without qualification and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances."  Carroll v. Bouley, 338 Mass. 625, 627, 156 N.E.2d 687, 689 (1959) (internal quotation omitted).  A driver owes others the duty to operate a motor vehicle "in a reasonably careful and prudent manner" and, "within the bounds of ordinary care," "to anticipate and provide against what usually happens and what is likely to happen[.]"  Buda v. Foley, 302 Mass. 411, 413, 19 N.E.2d 537, 538 (1939) (internal quotations omitted).  "Because of the jury's unique competence in applying the reasonable man standard, summary judgment is rarely appropriate with respect to the merits of a negligence case."  Appleby v. Daily Hampshire Gazette, 395 Mass. 32, 36, 478 N.E.2d 721, 724 (1985) (internal quotation omitted).  There is no reason to deviate from this norm in the instant case.

"Evidence of a rear-end collision without evidence of the circumstances under which it happens is not proof of the negligence of the operator of either vehicle, and the rule of *res ipsa loquitur* does not apply[.]" Frazier v. Cordialino, 356 Mass. 465, 466, 253 N.E.2d 843, 844 (1969).  Similarly, evidence that a defendant violated a safety statute or ordinance is "but evidence of negligence" and does not establish *per se* liability. Perry v. Medeiros, 369 Mass. 836, 841, 343 N.E.2d 859, 862 (1976) (internal quotation omitted).  This court is not prepared to rule that, as a matter of law, it is negligent for a driver in slow moving traffic to turn his or her head to look before changing lanes, because traffic may come to a sudden stop.  In this case, it should be up to the jury to determine if "the negligent act of the defendant set in motion a train of events which, unbroken by any new cause, continued as an operative factor down to the time of the accident and was the proximate cause of it." Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass. App. Ct. 955, 957, 649 N.E.2d 803, 804-05 (1995) (internal quotation omitted). "A court should not grant a party's motion for summary judgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial." Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005, 459 N.E.2d 1262, 1262 (1984) (internal quotation omitted).

### C. Plaintiff's Contributory Negligence

The defendant's defense of contributory negligence stands on a different footing. As the defendant conceded in court, there is no evidence that the plaintiff himself engaged in any negligent conduct in connection with the accident.  Therefore, summary

judgment shall enter in favor of the plaintiff on defendant's defense of contributory negligence.

## IV.  **ORDER**

For the reasons detailed herein, "Plaintiff's Motion for Partial Summary Judgment as to Liability and as to Lack of Contributory Negligence of Plaintiff Benjamin Hatcher" (Docket No. 16) is ALLOWED IN PART and DENIED IN PART.  The plaintiff's claim of negligence will proceed to trial, but the defendant's First and Second Defenses of contributory negligence are stricken.

                                             / s / Judith Gail Dein
                                             Judith Gail Dein
                                             United States Magistrate Judge